IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TURK | ) Civil Action No. 09-258E |
| Plaintiff, | ) |
| v. | ) |
| INVACARE CORPORATION, | ) |
| Defendant and Cross Claimant, | ) |
| ROADRUNNER MOBILITY, | ) |
| Defendant and Cross Claimant, | ) |
| MOBILITY PRODUCTS UNLIMITED, LLC., | ) |
| Defendant. | ) |

## OPINION

Pending before the Court is "Plaintiff's Motion For Entry of Default and Default Judgment against Mobility Products Unlimited" ("Plaintiff's Motion") [Doc. #27]. For the reasons set forth below, Plaintiff's request for an entry of default and for a default judgment is granted.

I. **Legal Analysis.**

A. **Plaintiff's Request for Entry of Default.**

Federal Rule of Civil Procedure 55 outlines a two-step process for obtaining a default judgment. See Fed.R.Civ.P. 55. The first step is an entry of default. See Fed.R.Civ.P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default." Id. Typically the entry of default is a ministerial task performed by the Clerk of Court and no motion is needed and no order is involved. Where, as here, however, service of process is at issue, it is proper for the Court rather than the clerk to consider Plaintiff's request.

"There must be effective service of process on a defendant before an entry of default can be made. Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant pursuant to Rule 55(a) as requested by the plaintiffs." Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board, 2000 WL 1257040, *5 (6th Cir.) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2682).

In support of his request for entry of default against Defendant MPU, Plaintiff contends that on September 15, 2009, Plaintiff served Defendant Mobility Products Unlimited, LLC ("MPU") by certified mail with the Complaint filed in the Court of Common Pleas of Venango County, Pennsylvania. Plaintiff's Motion, ¶ 3. A receipt shows that on September 15, 2009, a piece of certified mail addressed to Mobility Products Unlimited LLC c/o Invacare Corporation was delivered, via restricted delivery, to 39400 Taylor Parkway Elyria, Ohio 44655 and signed for by one George Burke. Plaintiff contends that George Burke is a company agent of MPU. Brief in Support of Motion for Entry of Default And Default Judgment Against Defendant, Mobility Products Unlimited, LC ("Plaintiff's Supporting Brief"), p. 3.

Plaintiff contends that on September 28, 2009, Plaintiff again served Defendant MPU by certified mail with Plaintiff's Complaint. Plaintiff's Motion, ¶ 5. A receipt shows that on September 28, 2009, a piece of certified mail addressed to Mobility Products

2

Unlimited LLC, 555 W. Granada Blvd. Suite G8, Ormond Beach, Florida 32174-9408 was delivered, via restricted delivery, and signed for by one James McAdams. Plaintiff contends that James McAdams is a company agent of MPU. Plaintiff's Supporting Brief, p. 3.

Plaintiff contends that on October 4, 2010, upon learning that Defendant MPU was no longer involved in any bankruptcy action, Plaintiff for a third time served the Complaint on the counsel/representative for Defendant MPU by way of certified mail. Plaintiff's Motion, ¶ 6. A receipt shows that on October 4, 2010, a piece of certified mail addressed to Buddy Ford, Esquire, 115 North Magill Ave., Tampa, Florida 33609 was delivered and signed for by one Ailine Dinnell. Plaintiff contends that Ailine Dinnell is a company agent of MPU who signed on behalf of MPU's registered agent Buddy Ford.

Fed.R.Civ.P. 4(h) is titled "Serving a Corporation, Partnership, or Association" and provides in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . ."

Id.

A search of the Florida Division of Corporations' website[1] on November 12, 2010, established the following. As of March 2, 2010, Buddy D. Ford Esquire, 115 N. McGill Ave, Tampa L 33609 was the registered agent for MPU in Florida and therefore,

---

[1] See www.sunbiz.org.

authorized to accept service of process for MPU in Florida. Thereafter, on October 22, 2010, Attorney Ford filed a "Resignation of Registered Agent for a Limited Liability Company" form whereby he resigned as MPU's registered agent. The filing explained that "[t]he agency is terminated and the office discontinued on the 31st day after the date on which this statement is filed." In other words, Attorney Ford remains the registered agent for MPU until November 22, 2010.

We are satisfied that as of October 4, 2010, Buddy Ford, Esquire was the registered agent for receiving service of process in Florida on behalf of Defendant MPU. Therefore, Defendant MPU was properly served by Plaintiff on October 4, 2010 in accordance with Fed.R.Civ.P. 4(h)(1)(B). To date, Defendant MPU has failed to plead or otherwise defend itself in this action. Accordingly, Plaintiff's request for entry of default against Defendant MPU pursuant to Fed.R.Civ.P. 55(a) shall be granted and will be entered by the Clerk of Court.

### B. Plaintiff's Request for Entry of Default Judgment.

Plaintiff seeks a default judgment in his favor "for a sum in excess of $50,000 plus costs; the exact amount to be determined at a hearing set at a date and time convenient to this Court." Plaintiff's Motion, "Conclusion," p. 2. Fed.R.Civ.P. 55(b) is titled "Entering a Default Judgment" and states:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against

whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2).

In support of his request for a default judgment against Defendant MPU, Plaintiff contends:

> 11. Plaintiff meets the procedural requirements for obtaining both an entry of default and a default judgment from the clerk as demonstrated by Jeff A. Connelly, Esquire's sworn declaration, attached as Exhibit A.
> 12. Defendant Mobility Products Unlimited, LLC is not an infant, an incompetent person, or in military service. Fed.R.Civ.P. 55(b)(1), (e).
> 13. Because defendant Mobility Products Unlimited, LLC did not file a responsive pleading or otherwise defend the suit, they are not entitled to notice of entry of default. Fed.R.Civ. P. 55 (a).

Plaintiff's Motion, ¶¶ 11-13. Exhibit A to Plaintiff's Motion is titled "Declaration under Penalty of Perjury," dated October 14, 2010 and signed by Plaintiff's counsel; it states in its entirety "I declare under penalty of perjury that the foregoing is true and correct."

Although Plaintiff's Declaration is less than precise to say the least, we have interpreted the Declaration to mean that Plaintiff's counsel is declaring that every statement in his Motion is true and correct, including the statement at paragraph 12 of Plaintiff's Motion that "Defendant Mobility Products Unlimited, LLC is not an infant, an incompetent person, or in military service."

After having reviewed the documents of record in this matter, the Court finds that Defendant MPU is neither a minor nor an incompetent and is not in the military. We

further find that the allegations in the Complaint, if taken as true, establish that we have subject matter jurisdiction over this litigation, *in personam* jurisdiction over Defendant MPU, and that the Complaint states a viable claim by Plaintiff against Defendant MPU for negligence. Therefore, we will grant Plaintiff's motion for a default judgment against Defendant MPU. We will not however, enter a judgment in favor of Plaintiff and against Defendant MPU at this time "for a sum in excess of $50,000 plus costs" as requested by Plaintiff since he did not provide any evidence in support of this request. A hearing to determine Plaintiff's damages as a result of Defendant MPU's conduct will be held at a future date convenient to the Court

## II. Conclusion.

"Plaintiff's Motion For Entry of Default and Default Judgment against Mobility Products Unlimited" is granted. A hearing on the amount of damages owed to Plaintiff by Defendant MPU will be held at a future date convenient to the Court. An appropriate Order follows.

November 16, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge